## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**HMI LIQUIDATING, INC.**[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-10810 (LSS)<br><br>**Hearing Date: June 4, 2019 at 3:00 p.m.**<br>**Objections Due: May 28, 2019 at 4:00 p.m.** |

## MOTION OF THE UNITED STATES TRUSTEE TO DISMISS
## THE CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b) AND 11 U.S.C. § 349.

Andrew R. Vara, the Acting United States Trustee for Region Three ("U.S. Trustee"), through his counsel, files this Motion (the "Motion") for the entry of an order dismissing the Chapter 11 case pursuant to 11 U.S.C. § 1112(b) and 11 U.S.C. § 349. In support thereof, the U.S. Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

This case should be dismissed because the Debtor has not only failed to file their monthly operating reports, the Debtor has not file a plan or disclosure statement despite five extensions of the exclusivity period and without more, there appears to be a high likelihood of a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Cause to dismiss exists under Section 1112 of the Bankruptcy Code.

### JURISDICTION

1. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Motion.

---

[1] The last four digits of the Debtor's federal tax identification number are 8422. The Debtor's address is 131 Sand Creek Road, Suite B, Brentwood, CA 94513.

2.     Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of cases commenced under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest…that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for 'protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law"). Congress created the United States Trustee Program to act as a "watchdog" in bankruptcy cases. *See* H.R. Rep. No. 95-595 at 88 (1977).

3.     The U.S. Trustee has standing to be heard on this Motion pursuant to 11 U.S.C. § 307.

**BACKGROUND AND FACTS**

4.     On April 12, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has not filed a plan and/or disclosure statement to date The U.S. Trustee has not appointed an official committee of unsecured creditors in these cases. D.I. 40.

5. The Debtor sought and obtained five extensions of the time to solicit for the acceptance and approval of a Chapter 11 plan and orders extending the Exclusive Periods during which the Debtor may file and solicit acceptances of a Chapter 11 plan which were entered on August 30, 2017 (D.I. 192); December 1, 2017 (D.I. 214); December 28, 2017 (D.I. 222); February 26, 2018 (D.I. 237) and April 26, 2018 (D.I. 246).

6. On June 8, 2018, the Debtor sought an additional extension of the Exclusive Periods (D.I. 251). In response, the U.S. Trustee filed an Objection to the Debtor's Motion for Further Extension of the Exclusive Periods and concurrently filed a Cross-Motion to Convert the Chapter 11 Case to a Chapter 7 Case (D.I. 252).

7. Thereafter, on July 18, 2018, the Court entered an Order (D.I. 261) that extended the Exclusive Periods but also provided that, inter alia, the Debtor shall (i) file and serve all of the monthly operating reports due for May 2017 through April 2018, (ii) pay all fees pursuant to 28 U.S.C. § 1930(a)(6) based on such reports no later than July 27, 2018, and (iii) file and serve the monthly operating reports for May 2018, June 2018 and July 2018 on or before August 31, 2018. The Order further provided that if any of the foregoing steps are not taken and the deadlines not met, the U.S. Trustee may file a certification to that effect, whereupon the Court may take such action as the Court deems appropriate, including conversion of the case to a chapter 7 case. Order at ¶ 4 (D.I. 261).

8. On or about August 6, 2018, the sum of $11,375.00 was paid on account of estimated fees due under 28 U.S.C. § 1930(a) (6). However, as of the date of this Certification, none of the monthly operating reports due for May 2017 through April 2018 (due by July 27, 2018), nor the monthly operating reports due for May 2018, June 2018 and July 2018 (due by

August 31, 2018), as required to be filed and served under the Order, have been filed or served by the Debtor.

9. Since then, no activity has occurred on the court's docket other than the filing of three (3) Certifications of No Claims Activity by Donlin, Recano & Company, Inc. (D.I. 262-264).

10. Given that the Debtor has not complied with all of the terms and conditions of the above-referenced Order, it is respectfully requested that the chapter 11 case be dismissed and that the Court enter the proposed form of order submitted herewith at this Court's earliest convenience.

## LEGAL ANALYSIS AND ARGUMENT

11. Section 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

12. Examples of "cause" in Section 1112(b)(4) include:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (E) failure to comply with an order of this Court;
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28.

13. The examples of cause listed in Section 1112(b) are not exhaustive, and the court has discretion in determining if cause exists. *See Matter of NuGelt, Inc.*, 142 B.R. 661, 665

4

(Bankr. D. Del. 1992); *see also* 7 COLLIER ON BANKRUPTCY ¶ 1112.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed).  The court may convert or dismiss a case for reasons that are not specifically enumerated in Section 1112.  *See In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991); *see also Matter of NuGelt, Inc.*, 142 B.R. at 665.

    14.    Section 1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> (A)    there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B)    the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
>     i.    for which there exists a reasonable justification for the act or omission; and
>
>     ii.    that will be cured within a reasonable period of time fixed by the court.

    15.    The choice between conversion and dismissal is in the court's sound discretion and is based on what is in the best interests of creditors and the estate.  *See In re American Capital Equipment, LLC*, 688 F.3d 145, 163 (3d Cir. 2012).  The party seeking conversion or dismissal has the initial burden of showing cause exists.  *See In re Products International Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008).  If the movant establishes cause under Section 1112(b)(1), then the burden shifts to the debtor to show unusual circumstances exist under Section 1112(b)(2).  *See In re Ramreddy, Inc.*, 440 B.R. 103, 112-13 (Bankr. E.D. Pa. 2009)(citing *DCNC North Carolina I, L.L.C. v. Wachovia Bank, N.A.*, 2009 WL 3209728 at *4

(E.D. Pa. 2009)).

16.    Cause exists to dismiss the Debtor's case under Sections 1112(b)(4)(A), (b)(4)(E) and (b)(4)(F) because the Debtor has failed to comply with a prior order of this Court and to timely satisfy a reporting requirement established by the Bankruptcy Code.

17.    Specifically, the Debtors have not filed the initial operating report as well as no monthly operating reports ("MORs"). Section 704(a)(8) of the Bankruptcy Code requires trustees to file with the Court and the U.S. Trustee "periodic reports and summaries of the operation of [the debtor's] business" if the debtor's business is authorized to be operated. Section 1106(a)(1) requires chapter 11 trustees to perform the MOR duty described in Section 704(a)(8). Section 1107(a) provides that a debtor-in-possession shall perform all of the functions and duties, with some exceptions inapplicable to MORs, of a chapter 11 trustee. Also, Rule 2015(a)(3) of the Federal Rules of Bankruptcy Procedure requires debtors-in-possession to file the MORs mandated by Section 704(a)(8). Therefore, the Debtor is required to file MORs. However, the Debtor has not filed any MORs.

18.    MORs and the financial disclosures in them "'are the life-blood of the Chapter 11 process' . . . . [T]he 'importance of [filing] . . . monthly operating report[s] cannot be over-emphasized.'" *In re Whetten,* 473 B.R. 380, 383 (Bankr. D. Colo. 2012) (citations omitted). The filing of MORs "is very high on the list of fiduciary obligations imposed upon a debtor in possession. Thus, the failure to file operating reports 'in itself constitutes cause for dismissal.'" *Matter of Berryhill,* 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citations and internal quotation marks omitted). *See also Matter of NuGelt, Inc.*, 142 B.R. at 668 (*quoting Berryhill*). See also *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. at 716 (the unexcused failure to file MORs constitutes cause for dismissal). Here, the Debtor's failure to file MORs is extreme and by itself

justifies dismissing this case.

19. Since the Debtor has not filed any MORs, the Debtor is not only in violation of a prior Order of this Court (D.I. 261) but the U.S. Trustee is unable to determine if there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, which constitute cause under Section 1112(b)(4)(A). However, given the inability to file a plan within the multiple extensions of the exclusivity period is prima facie evidence that cause exists under Section 1112(b)(4)(A).

20. Once the Court has determined that cause exists under Section 1112(b), the Court must decide between dismissal or conversion based on the best interest of creditors and the estate. *See In re American Capital Equipment, LLC,* 688 F.3d at 161. The Court has "wide discretion to use its equitable powers to make an appropriate disposition of the case." *Id.* at 163 (quotation marks, citation omitted). In determining what is in the best interests of creditors, the Court may compare creditors' rights in bankruptcy with their rights under state law. *See Matter of NuGelt, Inc.*, 142 B.R. at 669. The U.S. Trustee respectfully submits that the Debtor's case should be dismissed rather than converted because it is not evident that unencumbered assets would be available for liquidation and distribution to creditors in a chapter 7 proceeding.

## RESERVATION OF RIGHTS/CONCLUSION

21. The U.S. Trustee reserves any and all rights, remedies, duties and obligations to, among other things, complement, supplement, augment, alter, substitute or modify this Motion and take any other action as may be appropriate.

***

WHEREFORE, the U.S. Trustee requests that this Court dismiss the above-referenced Chapter 11 case or grant such other and further relief deemed appropriate and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

*/s/Richard L. Schepacarter*
Richard L. Schepacarter
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 Fax
Email: richard.schepacarter@usdoj.gov

Dated: May 16, 2019